**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JEREMY R. STOCKTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16-CV-464-GKF-PJC |
| ) | |
| CNH INDUSTRIAL AMERICA, LLC, and ) | |
| CNH INDUSTRIAL, N.V., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The plaintiff's Motion to Remand [Doc. # 25] is denied for the following reasons:

1. Defendant CNH Industrial N.V. is a public limited liability company (naamloze vennootshap) incorporated under the laws of the Netherlands, and has its corporate headquarters in London, United Kingdom [Doc. #2-6, p. 23]. Plaintiff focuses on the words "limited liability company" and argues that the Court should treat a Netherlands N.V. in the same way it treats LLCs existing under state laws for the purpose of diversity jurisdiction analysis. However, the fact that a foreign entity uses the words "limited liability" does not itself indicate that it is an LLC for the purposes of U.S. law and the diversity statute. CNH Industrial N.V. was ***incorporated*** under the laws of the Netherlands as a naamlooze vennootschap, and other federal courts have treated Netherlands N.V.'s as corporations for the purposes of diversity jurisdiction analysis. *See De Wit v. KLM Royal Dutch Airlines, N.V.*, 570 F.Supp. 613, 616 (S.D.N.Y. 1983).

2. Insofar as CNH Industries N.V. was incorporated under the laws of the Netherlands, its stock is publicly traded, and it offers limited liability for its equity investors, it therefore more closely resembles a corporation than a limited liability company. *See Fellowes v. Changzhou Xinrui Fellowes Office Equip.*, 759 F.3d 787, 788 (7th Cir. 2014); *Boumatic, LLC v. Idento Operations,* BV, 759 F.3d 790, 791 (7th Cir. 2014). The rule pertaining to unincorporated

associations—that courts must include all of the members of an unincorporated association when determining the entity's citizenship for diversity jurisdiction purposes—does not apply. *Compare Siloam Springs Hotel, L.L.C. v. Century Surety Company*, 781 F.3d 1233, 1237 (10th Cir. 2015).

3. Alternatively, even if the court adopted the generally accepted test for determining whether an entity is a foreign citizen for purposes of Section 1332(a)(2), defendant CNH Industrial N.V. would be considered a "juridical person" under the law that created it—the Netherlands. 15 *Moore's Federal Practice*, § 102.75 (Matthew Bender, 3d ed.). "Under this rule, it does not matter whether the entity most closely resembles a corporation or any other common law entity, but only whether the entity is considered a 'juridical person' under the law that created it." *Id*.

Insofar as defendant CNH Industrial N.V. is a foreign corporation, diverse from Plaintiff, diversity jurisdiction exists under 28 U.S.C. § 1332(a).

WHEREFORE, plaintiff's Motion to Remand [Doc. #25] is denied.

IT IS SO ORDERED this 29th day of September, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT